DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC.,**
Appellant,

v.

**STEPHEN G. MELCER, TRUSTEE, MARSHA E. GELT, ROBERTA GELT, JERILYN GELT** and **NATIONAL MULTIPLE SCLEROSIS SOCIETY,**
Appellees.

No. 4D18-623

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Janis Brustares Keyser, Judge; L.T. Case No. 50-2017-CP-004190XXXXMB.

William E. Boyes of Boyes, Farina & Matwiczyk, P.A., Palm Beach Gardens, for appellant.

Richard S. Geller of Fishback Dominick, Winter Park, for appellee, Marsha E. Gelt, and Steven H. Kane of Kane and Koltun, Attorneys at Law, Maitland, for appellees, Marsha E. Gelt, Roberta Gelt and Jerilyn Gelt.

KANNER, DANIEL J., Associate Judge.

Three sisters, the current distributees of an irrevocable trust, dispute whether several charities are "qualified beneficiaries" of the trust under the Florida Trust Code (FTC). We reverse the grant of summary judgment to the sisters on our finding that under the plain language of the statute, the charities have the rights of qualified beneficiaries.

The trust was created in 1989 by Sylvia Gelt. The trust instrument provided that upon her death, a portion of the trust fund was to be placed in a Credit Shelter Trust for her husband, Samuel. Upon his death, the balance of the Credit Shelter Trust was to be divided into three separate trusts for the benefit of their daughters.

During their lifetimes, the daughters have the right to receive income and principal distributions from their respective trusts. They do not have general or testamentary powers of appointment over any portion of the principal or undistributed income of their respective trusts.

The trust instrument provides that upon the death of each daughter, her trust terminates and the balance of the principal and any undistributed income is redistributed to the trust(s) of the remaining living daughter(s). When the last daughter dies, the trust terminates and the trustee is instructed to distribute the remaining principal and undistributed income to three named charities.

Sylvia died first and Samuel died in 2016. Their three daughters are alive. The trustee filed this action seeking to resign. He named the daughters *and* the charities as defendants, alleging that the "defendants are the qualified beneficiaries of the Trust."

The daughters filed a motion for summary judgment, arguing that the charities are not qualified beneficiaries of the trust. The court found in favor of the daughters and Hadassah appealed.[1]

Having the rights of a qualified beneficiary of a trust is important because under the FTC, a trustee is only required to "inform and account" to a trust's *qualified* beneficiaries. § 736.0813, Fla. Stat. (2017). Whether a charitable organization has the rights of a qualified beneficiary is a question of statutory interpretation. The relevant section of the FTC provides:

> (1) A charitable organization expressly designated to receive distributions under the terms of a charitable trust has the rights of a qualified beneficiary under this code if the charitable organization, on the date the charitable organization's qualification is being determined:
> (a) Is a distributee or permissible distributee of trust income or principal;
> *(b) Would be a distributee or permissible distributee of trust income or principal on termination of the interests of other distributees or permissible distributees then receiving or eligible to receive distributions;* or
> (c) Would be a distributee or permissible distributee of trust income or principal if the trust terminated on that date.

---

[1] Originally, two of the three charities appealed. However, one of the charities dismissed its appeal, leaving Hadassah the sole remaining appellant.

§ 736.0110(1), Fla. Stat. (2017) (emphasis added).  A "distributee" is a beneficiary who is currently entitled to receive a distribution.  § 736.0103 (6), Fla. Stat. (2017).

We find the charities are qualified beneficiaries under section 736.0110(1)(b).  On the relevant date, the daughters were the only "other distributees or permissible distributees then receiving or eligible to receive distributions" of trust income or principal.  *Id.*  "[O]n termination of *the* interests" of the daughters, the charities "would be" distributees.  *Id.* (emphasis added).

The statute and the trust instrument are clear and unambiguous.  If the daughters' interests terminate, the charities take the remainder. Therefore, the charities are qualified beneficiaries under section 736.0110(1)(b).

The error in the lower court's reasoning is found in paragraph 7 where the court found:

> 7. Each daughter is the sole distributee or permissible distributee of her separate Trust.  Upon the termination of each daughter's separate trust, the only distributee or permissible distributee of trust income or principal would be the "Trusts created herein for Grantor's surviving daughters, in equal shares, or to the Trust of the sole surviving daughter, as the case may be," as provided in article 4, paragraph b.(2)(d) of the Trust.

The lower court's order contemplates the sequential termination of the daughters' individual interests such that A's interest passes to B and C; then B's interest passes to C; then C's interest passes to the charities. This interpretation is contrary to the plain language of the statute.

The statute contemplates the simultaneous termination of the interests of the distributees ("termination of *the interests of other distributees* or permissible distributees then receiving or eligible to receive distributions"). If the interests of the distributees of the trust were simultaneously terminated, all of the daughters' interests would terminate and the charities would be the distributees.  Therefore, the charities are qualified beneficiaries under the plain language of the statute.

Accordingly we reverse the trial court's order of summary judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

D<small>AMOORGIAN</small> and C<small>IKLIN</small>, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**